IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ELIZABETH TROY,

    Plaintiff,

vs.                                                         CASE NO. CV-03-J-949-S

HEALTH CARE GROUP, INC.,

    Defendants.

## MEMORANDUM OPINION

Currently pending before the court is the defendant's motion for summary judgment (doc. 13), evidence in support of said motion and memorandum of law. The plaintiff has failed to respond to said motion.

Plaintiff commenced this action by filing a complaint alleging the defendant violated her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et seq.* by suspending and then terminating her for leaving work due to illness. Complaint, ¶¶ 5-13. Upon consideration of the pleadings, memorandum and evidentiary submissions received, the court concludes that the motion for summary judgment is due to be granted as no genuine issues of material fact remain and the defendant is entitled to judgment in its favor as a matter of law.

## FACTUAL BACKGROUND

In the light most favorable to the plaintiff, the court finds the relevant facts of this case to be as follows:

The plaintiff began working for defendant in April, 2001. Defendant Exhibit 3B. During the course of her employment, the plaintiff was repeatedly warned about the need to improve her attendance. *See* defendant Exhibits 3F and 3G. The plaintiff was absent from work beginning September 22, 2002, due to illness. Complaint, ¶¶ 5-6. When the plaintiff returned to work on September 30, 2002, she was suspended for four days due to her absences, in accordance with the Employee Handbook. *Id.,* ¶ 7; defendant Exhibits A and 3F5. The plaintiff asserts she provided the defendant with "appropriate notice and a doctor's excuse for said absence." Complaint, ¶ 6. The defendant alleges that the excuse it received was solely for September 22, 2002, and not received until October 14, 2002. Affidavit of Griffis, ¶ 8, submitted as defendant Exhibit 3; defendant Exhibit 3F10.

The plaintiff was scheduled to return to work on October 4, 2002, but failed to do so due to "a progression of the same illness." Complaint, ¶ 9. The plaintiff called in sick on October 5, 2002. Defendant Exhibit 3F7. She was again absent October 6 and 7, 2002. Affidavit of Griffis, ¶ 10. On October 10, 2002, the plaintiff was suspended again for violating company policy regarding absences. Defendant exhibit

3F6. On that date, the plaintiff provided defendant with a doctor's excuse for her absences of October 5-7, 2002. Affidavit of Griffis, ¶ 10; defendant Exhibit 3F8. On October 14, 2002, upon her return from the second suspension, the plaintiff inquired why she was not afforded leave under the FMLA. Affidavit of Griffis, ¶¶ 12-13. The plaintiff also provided doctor's excuses for her absences of September 22, 2002, and October 3-4, 2002. Defendant Exhibits 3F9 and 3F10. Upon the plaintiff's request that her absences be treated as leave under the FMLA, the defendant requested the plaintiff to obtain information from her doctors for the defendant to determine whether her absences could be covered under the FMLA. Affidavit of Griffis, ¶ 13. On October 17, 2002, the plaintiff was specifically told she had not been terminated and that further information regarding her medical condition was needed. *Id.*, ¶ 14. FMLA documents and further requests for information were sent to the plaintiff in November, 2002, but the plaintiff did not provide any additional information. *Id.*, ¶ 15. Therefore, on December 4, 2002, the defendant terminated the plaintiff. *Id.*, ¶ 16; Defendant exhibits 3F1, 3F3 and 3F4. The plaintiff contends she was actually terminated on October 10, 2002, due to FMLA protected absences. Complaint, ¶ 13. However, the plaintiff has produced no evidence in support of this allegation.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R.Civ.Pro 56(e). In meeting this burden, the nonmoving party must demonstrate

that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. SH. Kress & Co.*, 398 U.S. 144, 157 (1970). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-252.

## LEGAL ANALYSIS

Plaintiff asserts that the defendant terminated her in violation of her rights under the FMLA. The FMLA entitles eligible employees to leave for a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D); *Strickland v. Water Works and Sewer Board of the City of Birmingham*, 239 F.3d 1199, 1204 (11th Cir.2001). Unless the

plaintiff suffers from a "serious health condition," she is not entitled to the protections of the FMLA.

A "serious health condition" is defined by the FMLA as an "illness, injury, impairment, or physical or mental condition that involves ... inpatient care ... or continuing treatment by a health care provider." 29 U.S.C. § 2611(11). To meet her burden, the plaintiff must show that she "suffered from an illness or injury that resulted in an incapacity requiring absence from work ... for more than three calender days. The plaintiff must then show that [she] received continuing treatment as a result of this incapacity. Without such a showing, the plaintiff cannot rely on this definition of a 'serious health condition' to defeat a motion for summary judgment." *Haefling v. United Parcel Service*, 169 F.3d 494, 499 (7th Cir.1999); citing 29 C.F.R. § 825.114(a)(2)(i) (1998).

The FMLA was designed to cover serious illnesses lasting more than a few days. *See Haefling*, 169 F.3d at 499 ("It is hardly plausible that Congress intended to elevate minor illnesses lasting a day or two to the stuff of federal litigation"). The plaintiff has provided no evidence, to her employer or this court, that she "suffered from an illness or injury that resulted in an incapacity requiring absence from work." 29 C.F.R. § 825.114(a)(2)(i) (1998). Rather, the sole evidence the plaintiff provided

the defendant were doctor excuses for September 22, 2002 and October 3-8, 2002 for an unknown, unspecified medical problem. See defendant Exhibits 3F8-10.

None of the doctor excuses the plaintiff provided to her employer provide any explanation for her illness. As such, the plaintiff has failed to establish that she suffered from a "serious medical condition."

> Under the FMLA, if an employee takes leave pursuant to 2612(a)(1)(D), the employer may request 'certification' issued by the health care provider of the eligible employee. Certification is sufficient if it states the date on which the serious health condition commenced, the probable duration of the condition, the appropriate medical facts within the knowledge of the health care provider regarding the condition, and a statement that the employee is unable to perform the functions of the position of the employee. 29 U.S.C. § 2613(a)-(b).

*Parris v. Miami Herald Pub. Co.,* 216 F.3d 1298, 1302 n. 2 (11th Cir.2000).

No evidence before this court establishes that the plaintiff suffered from any condition which required medical treatment or medication. The mere allegations of plaintiff's complaint that she "became ill with an FMLA-qualifying illness" and that the defendant "interfered with plaintiff's FMLA rights" do not meet the plaintiff's burden to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R.Civ.Pro 56(e). *See also, Wascura v. City of South Miami*, 257 F.3d 1238, 1248 (11th Cir. 2001) ("On

summary judgment ....the employee must raise only a material issue of fact, which he may generate through reasonable inferences, regarding each element of his claim...").

## CONCLUSION

The court having considered the foregoing, and finding that the plaintiff has failed to establish a genuine issue of material fact regarding whether she suffered from a serious medical condition at the time of her absences, the court **ORDERS** that the defendant's motion for summary judgment is hereby **GRANTED**. This case is **DISMISSED WITH PREJUDICE**. Each party is to bear its own costs.

**DONE** and **ORDERED** this the _6_ day of January, 2004.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE